IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00199-LTB

MEL BOMPREZZI,

    Plaintiff,

v.

ARA OHANIAN,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDERATION

---

    The matter before the Court is the "Reconsideration of Dismissal Order Dated March 4th, 2014," ECF No. 6, that Plaintiff, Mel Bomprezzi, filed on March 13, 2014. Mr. Bomprezzi asserts the Court acted in bad faith dismissing this case. The Court must construe the request liberally because Mr. Bomprezzi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny reconsideration of the dismissal order for the following reasons.

    A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Bomprezzi's request as a Motion to Reconsider filed pursuant to Rule

59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on March 4, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In the Motion to Reconsider, Mr. Bomprezzi claims he was unaware of the January 24, 2014 Order directing him to cure deficiencies in his Complaint and Magistrate Judge Boland did not provide the Court-approved forms to him for filing a writ of prohibition and for requesting leave to proceed pursuant to 28 U.S.C. § 1915. Mr. Bomprezzi also asserts that he is not required to use a Court-approved form.

In the January 24 Order, Mr. Bomprezzi was directed to cure certain deficiencies. The Order was sent to Mr. Bomprezzi on January 24 by the Clerk of the Court. No mail was returned to the Court indicating Mr. Bomprezzi did not receive the Order. Also, Mr. Bomprezzi received the Order of Dismissal, which was mailed to the same address as the January 24 Order. Furthermore, Mr. Bomprezzi has been required to cure deficiencies in other cases he has filed with this Court, including *Bomprezzi v. Hoffman, et al.*, No. 13-cv-02085-CMA-BNB (D. Colo. Filed Aug. 5, 2013), in which he was told to obtain the required forms through the assistance of his case manager or facility's legal assistant, *id.* at ECF No. 3, and he complied. Mr. Bomprezzi, therefore, is aware that the Court-approved forms used by prisoners in filing civil actions in this Court are

available at the facility where he is housed and he does not need to obtain the forms from the Court.

Furthermore, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "an unrepresented prisoner or party shall use the forms and procedures posted on the court's website."  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules.  See Georgacarakos v. Watts, 368 F. App'x 917, 918-19 (10th Cir. 2010) (no abuse in its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring prisoner to use court-approved form to file complaint); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (within district court's discretion and no violation of equal protection rights to dismiss prisoner's complaint for failure to use court-approved forms pursuant to local rule); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (not abuse of district court's discretion or a constitutional violation to dismiss prisoner complaint for repeated refusal to file complaint on court-approved prisoner complaint pursuant to local court rule); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (not abuse of discretion to dismiss prisoner action where inmate failed to file habeas corpus application on proper form); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (failure to comply with local rule requiring *pro se* prisoners to use court-approved form to file

action not nonwillful, and prisoner's failure to use required form supported dismissal of action).

The Court, therefore, will deny Mr. Bomprezzi's Motion because he fails to demonstrate reinstatement of this action is deserving. Accordingly, it is

ORDERED that Mr. Bomprezzi's request for reconsideration, ECF No. 6, is construed as a Motion to Reconsider filed pursuant to Fed. R. CIv. P. 59(e) and is denied.

DATED at Denver, Colorado, this __18th__ day of ____March____, 2014.

BY THE COURT:


  s/Lewis T. Babcock
  LEWIS T. BABCOCK, Senior Judge
  United States District Court